UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUANTUM HYPERBARIC ) | | |
| PROCESSING SERVICES, INC., ) | | |
| ) | | |
| Plaintiff, ) | | CIVIL ACTION NO. |
| ) | | |
| VS. ) | | 3:05-CV-1100-G |
| ) | | |
| DIVERS ALERT NETWORK AMERICA, ) | | **ECF** |
| ET AL., ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Quantum Hyberbaric Processing Services, Inc. ("Quantum" or "the plaintiff") for leave to amend its complaint. The defendants Divers Alert Network America ("DAN") and National Baromedical Services ("NBS") (collectively "the defendants") oppose the motion. For the reasons discussed below, the motion is granted in part and denied in part.

## I. BACKGROUND

On May 27, 2005, this case was removed from a state court to the United States District Court for the Northern District of Texas. *See* Notice of Removal. On

June 22, 2005, the court issued an order establishing a schedule for disposition of the case.  *See* Order Establishing Schedule and Certain Pretrial Requirements, filed June 22, 2005.  There, the court ordered, pursuant to Federal Rule of Civil Procedure 16(b), that all motions requesting joinder of additional parties or amendments of pleadings be filed by September 22, 2005.  *Id.* ¶ 3.  Almost two months later, on November 21, 2005, Quantum filed this motion for leave to amend its pleadings and join additional defendants.  Motion and Brief for Leave to Amend Pleadings and Join Additional Defendants Accident and General Insurance and United States Life Insurance Company, an American General Company ("Motion to Join and Amend").  In this motion, Quantum seeks leave to join two additional defendants, Accident and General Insurance ("AGI") and United States Life Insurance Company of American General Company ("U.S. Life").  *Id.*  On January 24, 2006, Quantum, with leave of court, supplemented its motion to join and amend.  The supplemental motion seeks leave to add yet another defendant, DAN Insurance Trust, to this case.  *See* Plaintiff's Supplemental Motion to Amend Pleadings and Join Additional Defendants Accident and General Insurance, United States Life Insurance Company, an American General Company, and DAN Insurance Trust ("Supplemental Motion").  Quantum also seeks leave to increase the damage figures contained in the petition.  *See* Motion to Join and Amend ¶ 10; Plaintiff's First Amended Petition (attached as exhibit A to Supplemental Motion) ¶¶ 30, 35, 40, 45, 48, 53, 60, 63.

## II.  ANALYSIS

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired.  *S. & W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535-36 (5th Cir. 2003); see also *Dallas Area Rapid Transit v. Foster*, No. 3-00-CV-1080-BD, 2002 WL 31433295 at *1 (N.D. Tex. Oct. 28, 2002); *Howell v. Standard Motor Products, Inc.*, No. 4:99-CV-0987-E, 2001 WL 196969 at *1 (N.D. Tex. Feb. 26, 2001).  Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  The good cause standard requires a showing that, despite its diligence, the movant could not reasonably have met the scheduling order deadline.  *S & W Enterprises*, 315 F.3d at 535; *Foster*, 2002 WL 31433295 at *1; *Howell*, 2001 WL 196969 at *1.  In determining whether the movant has met this burden, the court considers:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any such prejudice.  *S & W Enterprises*, 315 F.3d at 536 (citing *Reliance Insurance Company v. Louisiana Land & Exploration Company*, 110 F.3d 253, 257 (5th Cir. 1997)).  Absent a demonstration of good cause, the more liberal standard of Rule 15(a)* will not apply

---

\*      Federal Rule of Civil Procedure 15(a) provides that leave to amend should be "freely given when justice so requires."  The Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy.  See, *e.g.*, *Lowrey v. Texas A &*
(continued...)

to the court's decision to grant or deny leave to amend. *S & W Enterprises*, 315 at 536; see also *Foster*, 2002 WL 31433295 at *1; *Howell*, 2001 WL 196969 at *1.

### A. Motion (as Supplemented) to Join Additional Defendants

Quantum has not made the required showing of good cause. Accordingly, its motion (as supplemented) to join additional defendants is denied.

### B. Motion to Increase Damages Claimed

Quantum also seeks leave to amend its complaint to provide an updated damage figure. It contends that the defendants' "continuing breaches of contract, continuing torts, and continuing statutory violations will continue to increase their exposure in this matter every time an insured diver is treated by the chambers at issue and [the d]efendants fail to pay, in whole or in part, for medical services billed." Plaintiff's Reply, filed December 27, 2005, ¶ 17. While Quantum has moved to amend its complaint, a more appropriate form of relief would be to grant Quantum leave to supplement, rather than amend, its complaint.

Amended and supplemental pleadings differ in two respects. 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504

---

*(...continued)
*M University System*, 117 F.3d 242, 245 (5th Cir. 1997); *Nance v. Gulf Oil Corporation*, 817 F.2d 1176, 1180 (5th Cir. 1987); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986). A motion to amend under Rule 15(a), therefore, should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citing *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994)).

(3d. ed. 2004). Amended pleadings relate to matters that occurred prior to filing of the original pleading and entirely replace the earlier pleading. *Id.* On the other hand, supplemental pleadings deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings. *Id.*; see also *Burns v. Exxon Corporation*, 158 F.3d 336, 343 (5th Cir. 1998) (supplemental pleadings are limited to events occurring since the date of the pleading to be supplemented). Federal Rule of Civil Procedure 15(d) authorizes, with permission of the court, the filing of supplemental pleadings. Rule 15(d) provides that a party may "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." An application for leave to file a supplemental pleading should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action. 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d. ed. 2004). Accordingly, the court will construe Quantum's motion as a motion to supplement. Because it seeks to supplement the complaint with additional damages resulting from events subsequent to the filing of suit, Quantum is granted leave to supplement its complaint with the additional damages.

The plaintiff's motion to join and amend seeks leave to increase its damage figures from $135,814.66 to $156,720.21. *See* Plaintiff's First Amended Petition attached as exhibit A to Motion to Join and Amend ¶¶ 28, 33, 38, 43, 46, 51, 58, 61. The plaintiff's supplemental motion seeks leave to further increase its claim to $181,786.13. *See* Plaintiff's First Amended Petition (attached as exhibit A to Supplemental Motion) ¶¶ 30, 35, 40, 45, 48, 53, 60, 63. It appears that the alleged continuing breaches of contract, torts, and statutory violations may continue to increase the amount of the plaintiff's damages. Therefore, Quantum shall have leave to supplement its amount of damages, if necessary, as late as 30 days prior to trial. Any damages that may be incurred after that date must be claimed in a separate action.

### III.  CONCLUSION

For the reasons discussed above, Quantum's motion (as supplemented) to join additional defendants is **DENIED**.

Quantum's motion to supplement its damages occurring since suit was filed is **GRANTED**. This leave to supplement shall continue to **April 1, 2006**.

**SO ORDERED**.

February 1, 2006.

_____
A. JOE FISH
CHIEF JUDGE